Hon. John Van Lindt Chairman State Racing and Wagering Board
You have requested our opinion concerning the relationship between towns and villages with respect to games of chance as governed by Article 9A of the General Municipal Law. In particular, General Municipal Law, §187, provides that, when a town exercises its power to authorize and license games of chance within the town, a village within the town will not be included in the plan authorized by the town unless it acts by village law, subject to permissive referendum, to be so included. You ask, in the case where such a village law for licensing by the town has been enacted, if the village police chief may act as the chief legal officer (General Municipal Law, § 186, subd 17), having enforcement powers with respect to games of chance licensed by the town to be conducted within the village. It appears that this is not permitted by the statute, and your query must be answered in the negative.
In an opinion of the Attorney General to your office dated December 26, 1979, a copy of which is attached, we reached the conclusion that the Legislature limited such enforcement authority to either of two officers (GML, § 194). The chief legal officer of the municipality licensing the games may perform this function or, pursuant to subdivision 2 of section 194, the municipality may elect to have it performed by the chief legal officer of the county. It follows that this enforcement function cannot be delegated to the chief legal officer of a municipality that is not the licensing authority even though the municipality is within the licensing area and games of chance are conducted in the municipality.
New York State Constitution, Article I, § 9, provides for cities, towns and villages to authorize games of chance if a majority of the electors in the municipality approve such a plan. Under the authority of that provision, the Legislature enacted section 188 of the General Municipal Law, which contains the same requirement. Section187 of the General Municipal Law, directly applicable to your inquiry, provides an alternate mechanism by which a village may authorize games of chance to be conducted within the village. If the alternate mechanism is used, games of chance are permitted in the village pursuant to a plan enacted and authorized by a majority of the voters of the town in which the village is located. In that case, no referendum is required to be held in the village, pursuant to the Constitution (Art. I, § 9) and section 188.
In the circumstances described in your request, it is clear that the town is the licensing municipality in which the required referendum has been conducted. The village in question has not exercised its authority under General Municipal Law, § 188, but has instead exercised its power under section 187 to participate in the plan enacted by the town pursuant to section 188. The village, therefore, does not have the power to appoint its own chief legal officer pursuant to General Municipal Law, § 194, nor has the town the power to delegate its duties under section 194 to the village.
In order to conduct games of chance, provide enforcement pursuant to General Municipal Law, § 194, and provide standards for the conduct of games of chance under the authorization conferred by General Municipal Law, Article 9A, and New York State Constitution, Article I, § 9, a village must enact its own authorizing statute pursuant to General Municipal Law, § 188 by mandatory referendum. It may not exercise these functions if it has acted pursuant to General Municipal Law, §187.